## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | |
|---|---|
| MASTERBUILT MANUFACTURING, INC., a Georgia Corporation, | ) ) ) ) Civil Action File |
| Plaintiff, | ) No.: 4-14-cv-111 (CDL) |
| | ) |
| v. | ) |
| | ) |
| CHARD INTERNATIONAL, LLC a Wisconsin Corporation, | ) ) **JURY TRIAL DEMANDED** |
| | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## COMPLAINT

Plaintiff, Masterbuilt Manufacturing, Inc. states as its Complaint as follows:

### I.   JURISDICTION AND VENUE

1.      This is an action for design patent infringement and patent infringement arising under the patent laws of the United States.

2.      This Court has subject matter jurisdiction over the cause of action set forth herein pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.      Venue is proper in this judicial district and division pursuant to Middle District of Georgia Local Rule 3.4 and pursuant to 28 U.S.C. §§1391(b) and 28 U.S.C. §1400(b).

## II.    THE PARTIES

4.      Plaintiff Masterbuilt Manufacturing, Inc., ("Masterbuilt") is a Georgia Corporation, with its principal place of business at 1 Masterbuilt Court, Columbus, Georgia 31907.

5.      Upon information and belief, Defendant Chard International, LLC ("Defendant") is a Wisconsin Corporation with a principal place of business at 2022 School Street, P.O. Box 444, Two Rivers, Wisconsin, 54241.

## III.    THE CONTROVERSY:  INFRINGEMENT BY ELECTRIC SMOKER

### A.  Masterbuilt's U.S. Patent No. D615,798

6.      Masterbuilt owns all right, title, and interest in U.S. Patent No. D615,798  ("the '798 Patent"). A copy of the '798 Patent is attached as Exhibit A.

7.      The subject matter of the '798 Patent relates to the ornamental design for a smoker. In particular, the '798 Patent relates to a novel, nonobvious, ornamental design for an electric smoker that gives food items a distinctive smoked flavor.

8.      The design patent application that matured into the '798 Patent was filed with the U.S. Patent and Trademark Office on January 5, 2009, and was assigned application number 29/311,152.

9.      On May 18, 2010, the U.S. Patent and Trademark Office duly and properly issued the '798 Patent.

10.      On August 19, 2010, the named inventors of the '798 Patent, Messrs. John D. McLemore and Don McLemore, assigned all right, title, and interest they had in the '798 Patent to Masterbuilt. A copy of this assignment is attached as Exhibit B.

11.     As such, Masterbuilt has the exclusive right under 35 U.S.C. § 154(a)(1) to exclude others from making, using, offering for sale, or selling its patented invention, including the right to bring this action for injunctive relief and damages.

### B.  Masterbuilt's U.S. Patent No. 7,703,389

12.     Masterbuilt owns all right, title, and interest in U.S. Patent No. 7,703,389 ("the '389 Patent"). A copy of the '389 Patent is attached as Exhibit C.

13.     The subject matter of the '389 Patent relates to an electronically-monitored cooking apparatus for use as a smoker, griller, and/or fryer.

14.     The patent application that matured into the '389 Patent was filed with the U.S. Patent and Trademark Office on May 2, 2006, and was assigned application number 11/415,415 ("the '415 Application"). The '415 Application claims priority to patent application number 10/640,691, filed on August 14, 2003.

15.     On April 27, 2010, the U.S. Patent and Trademark Office duly and properly issued the '389 Patent.

16.     On August 19, 2010, the named inventors of the '389 Patent, Messrs. John D. McLemore and Don McLemore, assigned all right, title, and interest they had in the '389 Patent to Masterbuilt. A copy of this assignment is attached as Exhibit D.

17.     As such, Masterbuilt has the exclusive right under 35 U.S.C. § 154(a)(1) to exclude others from making, using, importing, offering for sale, or selling its patented invention, including the right to bring this action for injunctive relief and damages.

## C.  Defendant's Infringement by a Digital Electric Smoker

18.     Upon information and belief, Defendant has engaged in the importation, manufacture, use, offer for sale, and/or sale of products that infringe the novel, nonobvious, and ornamental design of the '798 Patent in violation of 35 U.S.C. § 271.

19.     Upon information and belief, Defendant has engaged in the importation, manufacture, use, offer for sale, and/or sale of products that infringe the '389 Patent in violation of 35 U.S.C. § 271.

20.     As one example of Defendant's infringing products, Defendant includes on its website a catalog of its products for sale, which includes a "Chard Digital Electric Smoker." A print out of Defendant's website catalog demonstrating its offer for sale of this infringing product is attached to this complaint as Exhibit E, page 6.

21.     Upon information and belief, Defendant sells and offers for sale the Chard Digital Electric Smoker within this judicial district and elsewhere throughout the United States.

22.     Masterbuilt sent a letter to Defendant on April 17, 2013 alerting Defendant to Masterbuilt's '798 patent and to the fact that Defendant's Electric Smoker might infringe the '798 patent.  This April 17, 2013 letter also alerted Defendant to Masterbuilt's '389 patent and to the fact that Defendant's Electric Smoker might also infringe Masterbuilt's '389 patent. Defendant did not respond to Masterbuilt's letter and continued to offer its Chard Digital Electric Smoker.  A copy of this letter is attached to this complaint as Exhibit F. This letter provided Chard with additional actual notice of Masterbuilt's patents.

23.     Masterbuilt has suffered and continues to suffer damages as a direct and proximate result of Defendant's infringement of the '798 and '389 patents, and Masterbuilt will

4

suffer additional and irreparable damages unless Defendant is permanently enjoined by this Court from continuing its infringement. Masterbuilt has no adequate remedy at law.

## IV.      THE CONTROVERSY:  INFRINGEMENT BY ELECTRIC TURKEY FRYER

### A.  Masterbuilt's U.S. Patent No. D560,424

24.      Masterbuilt owns all right, title, and interest in U.S. Patent No. D560,424  ("the '424 Patent"). A copy of the '424 Patent is attached as Exhibit G.

25.      The subject matter of the '424 Patent relates to the ornamental design for a cooking fluid cooking apparatus. In particular, the '424 Patent relates to a novel, nonobvious, ornamental design for a cooking fluid cooking apparatus.

26.       The design patent application that matured into the '424 Patent was filed with the U.S. Patent and Trademark Office on May 16, 2005 and was assigned application number 29/229,943.

27.      On January 29, 2008, the U.S. Patent and Trademark Office duly and properly issued the '424 Patent.

28.      On February 16, 2010, the sole named inventor of the '424 Patent, Mr. John D. McLemore, assigned all right, title, and interest he had in U.S. Patent No. 6,941,857 ("the '857 Patent") and any continuations thereof to Masterbuilt. The '424 Patent is a continuation of the '857 Patent and was therefore included in this assignment. A copy of this assignment is attached as Exhibit H.

29.      As such, Masterbuilt has the exclusive right under 35 U.S.C. § 154(a)(1) to exclude others from making, using, offering for sale, or selling its patented invention, including the right to bring this action for injunctive relief and damages.

**B.  Masterbuilt's U.S. Patent No. 6,941,857**

30.      Masterbuilt owns all right, title, and interest in U.S. Patent No. 6,941,857 ("the '857 Patent"). A copy of the '857 Patent is attached as Exhibit I.

31.      The subject matter of the '857 Patent relates to a domestic fryer assembly including an interconnected shell and cooking pot.

32.      The patent application that matured into the '857 Patent was filed with the U.S. Patent and Trademark Office on August 14, 2003, and was assigned application number 10/640,691 ("the '857 Application").

33.      On September 13, 2005, the U.S. Patent and Trademark Office duly and properly issued the '857 Patent.

34.      On February 16, 2010, the sole named inventor of the '857 Patent, Mr. John D. McLemore, assigned all right, title, and interest he had in the '857 Patent to Masterbuilt. A copy of this assignment is attached as Exhibit H.

35.      As such, Masterbuilt has the exclusive right under 35 U.S.C. § 154(a)(1) to exclude others from making, using, importing, offering for sale, or selling its patented invention, including the right to bring this action for injunctive relief and damages.

**C.  Defendant's Infringement by an Electric Turkey Fryer**

36.      Upon information and belief, Defendant has engaged in the importation, manufacture, use, offer for sale, and/or sale of products that infringe the novel, nonobvious, and ornamental design of the '424 Patent in violation of 35 U.S.C. § 271.

37.      Upon information and belief, Defendant has engaged in the importation, manufacture, use, offer for sale, and/or sale of products that infringe the '857 Patent in violation of 35 U.S.C. § 271.

6

38.     As one example of Defendant's infringing products, Defendant includes on its website a catalog of its products for sale, which includes a "15 Liter Electric Turkey Fryer." A print out of Defendant's website catalog demonstrating its offer for sale of this infringing product is attached to this complaint as Exhibit E, page 6.

39.     Upon information and belief, Defendant sells and offers for sale the 15 Liter Electric Turkey Fryer within this judicial district and elsewhere throughout the United States.

40.     Masterbuilt sent a letter to Defendant on April 17, 2013 alerting Defendant to Masterbuilt's '424 patent and to the fact that Defendant's Electric Smoker might infringe the '424 patent.  This April 17, 2013 letter also alerted Defendant to Masterbuilt's '857 patent and to the fact that Defendant's Electric Smoker might also infringe Masterbuilt's '857 patent. Defendant did not respond to Masterbuilt's letter and continued to offer its Chard Digital Electric Smoker.  A copy of this letter is attached to this complaint as Exhibit F.

41.     Masterbuilt has suffered and continues to suffer damages as a direct and proximate result of Defendant's infringement and will suffer additional and irreparable damages unless Defendant is permanently enjoined by this Court from continuing its infringement. Masterbuilt has no adequate remedy at law.

## COUNT ONE – DESIGN PATENT INFRINGEMENT: U.S. PATENT NO. D615,798

42.     Masterbuilt realleges and incorporates herein the allegations of paragraphs 6 through 11 and paragraphs 18 through 23 of this Complaint as if fully set forth herein.

43.     Upon information and belief, Defendant has engaged in the importation, manufacture, use, offer for sale, and/or sale of products that infringe the claim of the '798 Patent in violation of 35 U.S.C. §271. The infringing products imported, made, used, offered for sale,

and/or sold by Defendant include, but are not necessarily limited to, the "Chard Digital Electric Smoker" discussed herein.

44.     Defendant has continued to infringe the '798 patent, even after receiving notice of its infringement. Defendant's decision to continue to import, manufacture, use, offer for sale, and/or sell the accused products in the face of its infringement is objectively reckless. Therefore, Defendant's infringement of the '798 patent has been, and continues to be, willful.

45.     Masterbuilt has and continues to suffer damages as a direct and proximate result of Defendant's infringement and will suffer additional and irreparable damages unless Defendant is permanently enjoined by this Court from continuing its infringement. Masterbuilt has no adequate remedy at law.

46.     Masterbuilt is entitled to: (a) damages adequate to compensate it for Defendant's infringement; (b) its attorneys' fees and costs; and (c) a permanent injunction.

## COUNT TWO – UTILITY PATENT INFRINGEMENT: U.S. PATENT NO. 7,703,389

47.     Masterbuilt realleges and incorporates herein the allegations of paragraphs 12 through 23 of this Complaint as if fully set forth herein.

48.     Upon information and belief, Chard has engaged in the importation, manufacture, use, offer for sale, and/or sale of products that infringe one or more claims of the '389 Patent in violation of 35 U.S.C. §271. The infringing products imported, made, used, offered for sale, and/or sold by Defendant include, but are not necessarily limited to, the "Digital Electric Smoker" discussed herein

49.     Defendant has continued to infringe the '389 patent, even after receiving notice of its infringement. Defendant's decision to continue to import, manufacture, use, offer for sale,

8

and/or sell the accused products in the face of its infringement is objectively reckless. Therefore, Defendant's infringement of the '389 patent has been, and continues to be, willful.

50.     Masterbuilt has and continues to suffer damages as a direct and proximate result of Chard's infringement and will suffer additional and irreparable damages unless Chard is permanently enjoined by this Court from continuing its infringement. Masterbuilt has no adequate remedy at law.

51.      Masterbuilt is entitled to: (a) damages adequate to compensate it for Defendant's infringement; (b) its attorneys' fees and costs; and (c) a permanent injunction.

## COUNT THREE – DESIGN PATENT INFRINGEMENT: U.S. PATENT NO. D560,424

52.     Masterbuilt realleges and incorporates herein the allegations of paragraphs 24 through 29 and paragraphs 36 through 41  of this Complaint as if fully set forth herein.

53.     Upon information and belief, Chard has engaged in the importation, manufacture, use, offer for sale, and/or sale of products that infringe the claims of the '424 Patent in violation of 35 U.S.C. §271. The infringing products imported, made, used, offered for sale, and/or sold by Defendant include, but are not necessarily limited to, the "15 Liter Electric Turkey Fryer" discussed herein.

54.     Defendant has continued to infringe the '424 patent, even after receiving notice of its infringement. Defendant's decision to continue to import, manufacture, use, offer for sale, and/or sell the accused products in the face of its infringement is objectively reckless. Therefore, Defendant's infringement of the '424 Patent has been, and continues to be, willful.

55.     Masterbuilt has and continues to suffer damages as a direct and proximate result of Defendant's infringement and will suffer additional and irreparable damages unless Defendant

is permanently enjoined by this Court from continuing its infringement. Masterbuilt has no adequate remedy at law.

56.     Masterbuilt is entitled to: (a) damages adequate to compensate it for Defendant's infringement; (b) its attorneys' fees and costs; and (c) a permanent injunction.

**COUNT FOUR – UTILITY PATENT INFRINGEMENT:**
**U.S. PATENT NO. 6,941,857**

57.     Masterbuilt realleges and incorporates herein the allegations of paragraphs 30 through 41 of this Complaint as if fully set forth herein.

58.     Upon information and belief, Chard has engaged in the importation, manufacture, use, offer for sale, and/or sale of products that infringe one or more claims of the '857 Patent in violation of 35 U.S.C. §271. The infringing products imported, made, used, offered for sale, and/or sold by Defendant include, but are not necessarily limited to, the "15 Liter Electric Turkey Fryer" discussed herein

59.     Defendant has continued to infringe the '857 patent, even after receiving notice of its infringement. Defendant's decision to continue to import, manufacture, use, offer for sale, and/or sell the accused products in the face of its infringement is objectively reckless. Therefore, Defendant's infringement of the '857 Patent has been, and continues to be, willful.

60.     Masterbuilt has and continues to suffer damages as a direct and proximate result of Chard's infringement and will suffer additional and irreparable damages unless Chard is permanently enjoined by this Court from continuing its infringement. Masterbuilt has no adequate remedy at law.

61.     Masterbuilt is entitled to: (a) damages adequate to compensate it for Defendant's infringement; (b) its attorneys' fees and costs; and (c) a permanent injunction.

## PRAYER FOR RELIEF

WHEREFORE, Masterbuilt seeks the following relief:

a.      That Defendant be permanently enjoined from further infringement of the '798 Patent pursuant to 35 U.S.C. § 283;

b.      That Defendant be permanently enjoined from further infringement of the '424 Patent pursuant to 35 U.S.C. § 283;

c.      That Defendant be permanently enjoined from further infringement of the '389 Patent pursuant to 35 U.S.C. § 283;

d.      That Defendant be permanently enjoined from further infringement of the '857 Patent pursuant to 35 U.S.C. § 283;

e.      That Defendant be ordered to pay damages adequate to compensate Masterbuilt for its infringement of the '798 Patent pursuant to 35 U.S.C. § 284;

f.       That Defendant be ordered to pay damages adequate to compensate Masterbuilt for its infringement of the '424 Patent pursuant to 35 U.S.C. § 284;

g.      That Defendant be ordered to pay damages adequate to compensate Masterbuilt for its infringement of the '389 Patent pursuant to 35 U.S.C. § 284;

h.      That Defendant be ordered to pay damages adequate to compensate Masterbuilt for its infringement of the '857 Patent pursuant to 35 U.S.C. § 284;

i.      That Defendant be ordered to pay treble damages as a result of its willful infringement of each of the '798 Patent, '424 Patent, '389 Patent, and '857 Patent;

j.      That Defendant be ordered to pay Masterbuilt's reasonable attorneys' fees;

k.      That Defendant be ordered to pay all costs associated with this action;

l.      That Defendant be ordered to pay interest as allowed by law; and

11

m.      That Masterbuilt be granted such other and additional relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Masterbuilt demands a trial by jury of all issues triable of right by a jury.

THIS 6th day of May, 2014.

/s/ Thomas F. Gristina
William L. Tucker
Georgia State Bar No. 718050
Thomas F. Gristina
Georgia State Bar No. 452454
**PAGE, SCRANTOM, SPROUSE, TUCKER & FORD,  P.C.**
Synovus Centre
1111 Bay Avenue, Third Floor
Columbus, Georgia 31901
Telephone:  (706) 324-0251
Facsimile: (706) 243-0417
Email: wlt@psstf.com


J. Scott Culpepper
Georgia State Bar No. 200950
Anna C. Halsey
Georgia State Bar No. 208034
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
One Atlantic Center
1201 W. Peachtree Street NW
Suite 2500
Atlanta, Georgia 30309-3453
Telephone: (404) 760-4300
Facsimile: (404) 233-1267
Email:  jsculpepper@rkmc.com

*Attorneys for Plaintiff Masterbuilt Manufacturing, Inc.*